HELEN GACEK AND ANOTHER v. OTIS ELEVATOR COMPANY AND ANOTHER.

185 N. W. (2d) 542.

March 26, 1971—No. 42554.

Albert H. Newman, for appellants.

Meagher, Geer, Markham & Anderson, Mary Jeanne Coyne, and O. C. Adamson II, for respondent Otis Elevator Company.

*Robb, Van Eps & Gilmore* and *Douglas Dale Reid, Jr.*, for respondent W. T. Grant Company, Inc.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and Kelly, JJ.

PER CURIAM.

This action arises out of a personal injury sustained on an escalator. The trial court directed verdicts in favor of defendants. The only issue we find necessary to decide is whether the court's refusal to permit an elevator superintendent for the city of Minneapolis to testify was reversible error. We hold that it was.

This accident occurred on December 7, 1963,[1] when Mrs. Gacek was riding an escalator to the second floor of the W. T. Grant Company store in Minneapolis. She was carrying in her hands a box containing an artificial flower. She testified that as she rode up the escalator something pushed the box against her stomach, causing her to fall. She sustained serious personal injuries.

Before resting, plaintiff's counsel indicated to the court that he would like to call Sol Jacobs, chief building inspector for the city of Minneapolis.[2] He would testify that the escalator on which Mrs. Gacek was riding was dangerous, unsafe, and could have caused her fall. Because Jacobs was not included as a prospective witness in the pretrial disclosure required under Rule 28, Special Rules of Practice, Fourth Judicial District, the court refused to permit the witness to testify. Thereupon, counsel for plaintiff advised the court he would like to call instead Roger Schurke, a city elevator superintendent, who had been disclosed at pretrial as a witness. In response to the court's inquiry as to the nature of Schurke's testimony, plaintiff's counsel stated:

"Well, I will offer to prove that Schurke, if called, will have to testify that he works under Mr. Jacobs and that at Mr. Jacobs' direction he made a test of this escalator and that he also is familiar with this law, 171.490,[3] and he has an opinion as to whether or not this is a dangerous

---

[1] Ordinarily the long delay in bringing this matter to a conclusion would militate against a new trial. Here, however, a combination of unfortunate circumstances has prevented a prompt disposition of the case, and we are reluctant to penalize plaintiff for dilatory procedures over which she had no control.

[2] Elsewhere he is described a deputy chief of the Division of Inspectors.

[3] Minneapolis Code of Ordinances, § 171.490, provides as follows: "Each escalator shall be enclosed on each side from the handrail to the

escalator. I have reason to believe that is why he was included by prior counsel in the case."

The court refused to permit Schurke to testify. Shortly thereafter it ruled that plaintiff had not established a prima facie case and granted a motion to dismiss.

Plaintiff's claim of negligence was based on an alleged violation of Minneapolis Code of Ordinances, § 171.490, prohibiting the use of protruding molding on the sides of an escalator. She attempted to prove by circumstantial evidence that the box she was carrying struck a protrusion and knocked her off her feet. In addition, plaintiff's counsel advised the court that Schurke had conducted an experiment on the escalator. He pushed a box similar to plaintiff's against the molding on the sides of the escalator. Sufficient force was exerted to spin him around.

Clearly, it was error for the court to deny plaintiff the right to call Schurke as long as his identity had been disclosed in pretrial proceedings. The court could properly rule on the admissibility or effect of Schurke's testimony until he took the stand. We do not pass on the question of whether plaintiff had established a prima facie case before resting or whether, if called, Schurke's proposed testimony would be admissible or would establish a prima facie case. We simply hold that where the question is as close as this one, plaintiff may have been prejudiced by the court's refusal to permit the expert to testify if he had knowledge of facts which were relevant to the question of causation.

As a condition to granting a new trial, however, we direct that the issue of liability first be litigated to a verdict. The damage issue will thereafter be separately tried only if liability has been established. No costs are allowed to either party.

Reversed and remanded for a new trial with directions.

---

escalator treads. These enclosures shall be smooth on the escalator side, without depressed or raised paneling or molding. There shall be no jogs or abrupt changes in width between the enclosed sides. Should any change in such width be necessary, it shall not be more than 8% of the greatest width, and the enclosing sides shall be molded to such change in width at an angle not greater than 15 degrees from the line of escalator travel."